No 8779.

PEFFLEY v. NOLAND.

FRAUD.—*Misrepresentations.*—*Pleading.*—*Patent Right.*—*Damages.*—A complaint to recover damages for fraud practiced by the defendant upon the plaintiff in the sale to him of a patent right for a fence post, consisting in part of a hollow iron point with bolts, alleged the fraud to be representations that the iron for such post would not exceed eleven pounds; that the defendant had a contract with one M., at L., to furnish to him, and his vendors of the patent, said points and bolts at one and a fourth cents per pound, all of which were false and known to be so by the defendant; that such points and bolts for each post would weigh from twenty-two to thirty pounds, and could not be had for less than two cents per pound, etc.; that the plaintiff was ignorant of the facts and was deceived as the defendant intended, etc.; that, having made sales of said rights to others by making to them similar statements, he was compelled to rescind such sales, etc.

*Held,* that the representations were of existing facts, and not mere opinions, and that the complaint was good.

SAME.—*Evidence.*—*Contents of Letter.*—The testimony as to the cost of the iron points being very conflicting, the defendant offered to prove the contents of a letter of the plaintiff to a purchaser from him (the loss of the letter being shown) in which it was stated that the reason why he had not furnished the purchaser with points as agreed was that a foundry at I., where they were to be made, was embarrassed and would not go on with the work, and the purchaser must wait until new arrangements could be made.

*Held,* that this evidence was admissible.

From the Montgomery Circuit Court.

*E. C. Snyder,* for appellant.

*T. E. Ballard, M. ·D. White* and *M. E. Clodfelter,* for appellee.

MORRIS, C.—The complaint, which consists of two paragraphs, states, in substance, that on the 9th day of February, 1878, the appellee bartered and traded to the appellant the undivided one-half of one acre of land for a patent right to make, use and sell certain improvements in fence posts in the counties of Benton, Newton, Jasper and Pulaski, in the State of Indiana. That the appellant, by himself and agents, to induce the appellee to make said trade, and with intent to de-

ceive, mislead and defraud him, falsely and fraudulently represented to the appellee that said improvements in fence posts was of great value; that the right and title to said patent, in said counties, was worth $500 for each county; that said improvement consisted of a hollow iron point and bolts, and that the posts did not cost any more than if made entirely of wood; that the appellant had a contract with R. M. McGrath, at Lafayette, near and of easy access to said counties, by the terms of which the appellant, or any person to whom he should sell territory, was entitled to purchase, in any quantity, the said iron points and bolts at one and one-fourth cents per pound; that said R. M. McGrath had agreed with the appellant to furnish him or any other person to whom he should sell territory, or to any person holding a deed for territory for said patent, said iron points and bolts, at one and one-fourth cents per pound; that the said iron points and bolts could be purchased at the time, at the foundry of said McGrath, in Lafayette, at said price; that the said points, to make a good post, did not weigh over eleven pounds, and the entire cost of the improved points and bolts and wood did not cost to exceed eighteen cents per post; that the appellee was inexperienced and ignorant of said improvement; that he had never known, nor had an opportunity of knowing the size, value, or cost of making said points, nor how or where they were to be procured, except from said representations so made to deceive him; that relying upon and believing such representations to be true, he conveyed said land to the appellant, and received from him a conveyance of said patent right for said improvement on said fence post for said counties; that said representations were false, and known to be so by the appellant at the time; that the said appellant had no contract with said McGrath to furnish said iron points at one and one-fourth cents per pound as represented; that the said iron points cost at least two cents per pound; that said iron points weighed, when of suitable and proper size, from 22 to 30 pounds each, and cost from seventy-five cents to one dollar; that said patented improvement was,

in fact, worthless; but that, could the iron points and bolts have been procured for the price represented, it would have been worth, in said four counties, $1,200; that after said trade had been consummated, and before the appellee had discovered said representations to be false, he sold said right to said several counties to divers persons, making the same representations to the purchasers that had been made to him; that afterward, upon the discovery of the falsity of said representations, the appellee was compelled to and did rescind the contracts of sales so by him made; that, in making said sales, he necessarily spent six months time, worth $400, and that he also expended in making such sales $300. He demands judgment for $2,000.

To this complaint the appellant filed a general denial. The cause was tried three times, the last resulting in a verdict for the appellee. The appellant moved for a new trial. The motion was overruled, and judgment rendered upon the verdict for the appellee.

The appellant assigns the following errors: .

1. The complaint does not state facts sufficient to constitute a cause of action.

2. The court erred in overruling the motion for a new trial.

The objection urged to the complaint is that the alleged representations were not material, nor such as a reasonable man ought to rely upon; that some of them were the mere expression of opinion as to value, and the others related to what the iron points would cost the appellee.

We think the statements alleged to have been made as to the contract with McGrath, to furnish the points and bolts to the appellant, or to those to whom he should sell, at one and one-fourth cents per pound, related to an existing fact, material to be known, and calculated to influence those about to purchase the right. It is too obvious to justify discussion, that the cost of the points and bolts was a matter proper to be considered by the appellee in making the purchase. It is equally clear that the appellant was in a position to know the

truth of the statement. It is averred that, believing the statements to be true, the appellee did rely upon them; that the statements were false, and known to be so at the time by the appellant; that they were made to deceive the appellee, who was ignorant of the cost of the iron points; that he was misled by the false statements, to his injury. We think the facts stated in the complaint constitute a good cause of action.

The appellant offered to prove by one LaFountain, a competent witness, that the appellee had sent him a letter with two notes, which he had given him for the patent right to Benton county, in which letter the appellee stated that the reason why he had not furnished the witness with points, as agreed, was because the foundry at Indianapolis, where they were to be made, had become embarrassed and could not go on with the work, and that the witness would have to wait until new arrangements could be made. The witness had testified that the notes had been burnt, and that the letter was in his coat, which had been stolen; that he had not been able to recover his coat or the letter.

The exclusion by the court, upon the objection of the appellee, of the testimony thus offered, is one of the causes urged for a new trial. The testimony as to the representations made in relation to the cost of the iron points was very conflicting. The fact that the appellee had contracted for the manufacture of the points at Indianapolis, and the failure of the manufacturing company there to furnish the points as agreed being the only reason given for not fulfilling his contract with the witness, were circumstances proper for the jury to consider in weighing the testimony as to the representations alleged to have been made by the appellant, and especially as to the ground upon which the appellee abandoned or rescinded the contracts for the sale of the right. The appellee had testified that he was compelled to rescind the contracts he had made for the sale of the several counties, because the iron points could not be furnished at Lafayette at one and one-fourth cents per pound as represented by the appellant. We think the testi-

mony was relevant and competent; and, as the absence of the letter had been sufficiently accounted for, and it was proven to have been written by the appellee, the witness should have been allowed to answer the question. It had some tendency to prove, though it might have been slight, contrary to the statements of the appellee as a witness, that the iron points could be sold without loss, though they could not be procured from McGrath at a cent and a quarter per pound. We think the court erred in excluding the testimony thus offered. As the judgment must, for this reason, be reversed, it is unnecessary to examine the other questions discussed by the appellant.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellee.