No. 346.

## The Toledo, St. Louis and Kansas City Railroad Company v. Fenstemaker

RAILROAD.—*Killing Stock.—Agreement to Maintain Cattle-Guards.—Pleading.—Exhibit.*—In an action against a railroad company to recover damages for the wrongful killing of plaintiff's colt, caused by the removal of cattle-guards, which defendant's grantor had agreed in writing to maintain, such agreement is not the foundation of the action, and neither the original nor a copy thereof need be filed with the pleading.

SAME.— *Maintenance of Cattle-Guards.—Agreement.* — *Purchaser Chargeable with Notice.*—Where a railroad company, by agreement with a landowner, maintains cattle-guards and wing fences, the grantee of such company is chargeable with notice of such cattle-guards and fences, and is thereby warned that there is some claim of right connected therewith.

From the Grant Circuit Court.

*S. O. Bayless* and *C. G. Guenther*, for appellant.

NEW, J.—In this case the appellee sued the appellant upon a complaint consisting of two paragraphs. Demurrers to each paragraph of the complaint were overruled.

Several errors are assigned by the appellant, but its counsel have discussed those only which are predicated upon the overruling of the demurrer to the amended second paragraph of the complaint, and the overruling of the appellant's motion for judgment upon the special verdict returned by the jury. We have not been favored with a brief from the appellee.

The following is a somewhat condensed and yet sufficiently full statement of the allegations contained in the amended second paragraph of the complaint:

George W. Fenstemaker was the owner of land in Grant county, Indiana, and conveyed to the Frankfort, St. Louis and Toledo Railroad Company a right of way over and through said lands for the construction of the track of said road. In consideration of said conveyance, said company agreed with said Fenstemaker, in writing, that it would construct and maintain cattle-guards along said railroad track through said lands at the proper places, and that a road crossing should be constructed by said railroad company, and that the road through said land should be fenced; that under and by virtue of said contract said Fenstemaker had and used a private way across the said railroad track, which way was used in connection with the farming of said land in passing stock, wagons and other farming implements from one part of said land to the other; that said Frankfort, St. Louis and Toledo Railroad Company thereafter, because of the conveyance of said right of way and consideration promised therefor, did construct its railroad track on said right of way, and did construct proper and necessary cattle-guards on either side of said private crossing over and upon said railroad track, and did construct and maintain wing fences from the ends of said cattle-guards to the fences on each side of said right of way; that the defendant thereafter, and prior to October 1st, 1888, became the owner of said railroad and succeeded to all its rights and franchises, and has ever since had the operating and management of said road; that the plaintiff, at the date last named, was in the possession of the land through which said railroad was built as aforesaid as the tenant of said Fenstemaker, and as such tenant had full control and management of said land; that on each side of said right of way there had been put in by said Fenstemaker sufficient gates across said private way on either side of said railroad, and said gates were kept se-

curely closed by the plaintiff; that afterwards and prior to the 1st day of October, 1888, the defendant, without right, removed said cattle-guards and wing fences; that at the date last named, plaintiff was necessarily driving his horses across said railroad track, on the crossing of said private way, to the pasture on said land, when one of said horses, to wit, a colt two years old, of the value of one hundred and fifty dollars, when it reached the point where said crossing crosses said railroad track, ran west along and upon said track for twenty rods, where it was negligently run over and killed by the defendant's locomotive and cars ; that said colt was so permitted and suffered to run along and upon said track to where it was killed because of the failure of the defendant to construct and maintain cattle-guards on the east and west sides of said private way where it crossed said railroad track,—all of which occurred without the fault of plaintiff, and to his damage of one hundred and fifty dollars.

Among other pleadings, the general denial was filed by the appellant, and upon the issues joined the case was submitted for trial to a jury, who returned a special verdict. Judgment was rendered by the court upon the special verdict for $150 in favor of the appellee.

The evidence is not in the record, but from the facts found by the special verdict it would seem that the recovery by the appellee was upon the amended second paragraph of the complaint, and in our opinion this paragraph states a good cause of action.

The first objection urged against it is that the written contract referred to therein must be regarded as the foundation of the action, and that, therefore, the original, or a copy thereof, should have been filed with the pleading.

. We are not inclined to regard the writing referred to as the foundation of the action within the meaning of the code.

The suit is not to recover damages resulting necessarily from the removal of the cattle-guards, nor to enforce the specific performance of the contract as such. The complaint

is to recover damages for the wrongful killing of the appellee's colt.

If, under the written obligation or contract in question, the appellant owed to the appellee a duty which it failed to discharge, and that failure brought about or contributed materially to the killing of the colt, the contract would be evidence in support of the cause of action, but not its foundation.

But it is contended that, independent of the objection thus disposed of, the paragraph of the complaint we have been considering does not state a good cause of action against the appellant, especially that it is not shown that the appellant had notice of the contract referred to.

The appellee, by virtue of his tenancy, had the right to hold and enjoy the premises for farming purposes, and that right would embrace the private way or crossing with its advantages. The right of way or easement through the land conveyed to the Frankfort, St. Louis and Toledo Railroad Company was a proper subject of contract, and when the appellant became the owner of the road its right to use and operate the same was subject to rights secured or reserved by the contract to Fenstemaker, the owner of the land. At the time of the purchase of the road by the appellant the Frankfort, St. Louis and Toledo Railroad Company had, in compliance with its contract, constructed the proper and necessary cattle-guards and wing fences, and was maintaining the same. Of the existence of the crossing, cattle-guards and wing fences the appellant must be presumed to have had notice, the same being upon and in a sense a part of the railway or route itself. The appellant was thereby notified that there was in connection with said crossing, cattle-guards and wing fences some claim of right or use to the land-owner or occupant under him, which should have put it on inquiry.

One can not purchase property where there are facts known to him sufficient to put him on inquiry, and hold it free from prior claims or equities of which due inquiry would have

given him information.   A party in possession of certain information will be chargeable with knowledge of all facts which an inquiry suggested by such information would have disclosed to him.

It is well settled that a person who is about to purchase land upon which a grade for a railroad is being constructed is thereby warned that there is some claim of right connected therewith, and, if he fails to make proper inquiry as to the nature of the claim, he buys at his peril.   We see no reason why the same principle or rule should not apply to purchases made by railroads and other corporations. See *Indiana, etc., R. W. Co.* v. *McBroom,* 114 Ind. 198, and cases there cited.

. The motion made by the appellant for judgment on the special verdict was properly overruled.   The special verdict is lengthy, and no good purpose can be accomplished by setting it out in this opinion.   We have examined it with care, and find that the judgment rendered in favor of the appellee is supported fully by the facts found.

The judgment is affirmed, with costs.

Filed Dec. 9, 1891.