## ZELLER ET AL. *v.* ZELLER, EXECUTRIX.

[No. 4,652.    Filed January 8, 1904.]

EXECUTORS AND ADMINISTRATORS.—*Suit to Set Aside Report.—Fraud.*—A sole legatee filed a petition to set aside the final report of the executrix alleging that she was not notified of the final settlement, and that the executrix had failed to account for all the property. Defendant answered that the estate consisted largely of a mortgaged stock of merchandise, and that plaintiff being desirous of a speedy settlement entered into an agreement with defendant by the terms of which defendant became the owner of the mortgage and plaintiff gave the executrix a second mortgage for the amount of a claim held by her against the estate and, pursuant to such agreement the final report was made; that plaintiff failed to pay the debt and the mortgage was foreclosed and plaintiff filed a petition to set aside the report which she dismissed by agreement, both agreements being filed as exhibits to the answer. Plaintiff replied acknowledging the execution of the contracts, but alleged fraudulent representations by defendant as to her claim against the estate; that defendant made false entries and erasures in the books of decedent, and plaintiff did not have access to the books until after she dismissed her exceptions. *Held,* that the reply was demurrable.

From Huntington Circuit Court; *Levi Mock,* Special Judge.

Action of Franziska Zeller and others against Anna B. Zeller, executrix of the will of William A. Zeller, deceased. From a judgment for defendant, plaintiff Franziska Zeller appeals. *Affirmed.*

*C. W. Watkins* and *H. C. Morgan,* for appellant.
*U. S. Lesh* and *Eben Lesh,* for appellee.

Zeller v. Zeller.

Robinson, J.—In September, 1899, appellee's final report as executrix of the will of William A. Zeller, deceased, was approved, and she was discharged. In June, 1902, appellant filed a petition to set aside the report and reopen the estate, alleging that she is the sole legatee of William A. Zeller, that she was not personally notified of the final settlement and did not appear, that the executrix had failed to account for all the property belonging to the estate, had converted assets to her own use, and had wrongfully taken credit for certain expenditures in connection with a stock of goods owned by decedent.

The second paragraph of appellee's answer alleges that the assets of the estate consisted largely of a stock of boots and shoes, upon which was a mortgage executed by decedent to Carnahan & Co., to secure a note for $1,038.59; that appellant, being desirous of a speedy settlement of the estate and the transfer to her of the stock of goods, entered into a written agreement with appellee, by the terms of which appellee was to and did become the owner of the Carnahan mortgage, for which she paid $1,081; that appellant was to and did give her note, secured by second mortgage on the stock, for $1,419.81, which was the amount due appellee on a claim against the estate; that in consummation of this agreement, and pursuant to its terms, appellee was to and did make the final report now assailed; that appellee carried out the provisions of the contract, advanced the money, and took an assignment of the Carnahan mortgage and note, and took a note and mortgage for her individual claim, and made the final report; that afterwards, appellant having failed to pay the Carnahan note, appellee brought suit and obtained a decree foreclosing the mortgage; that appellant at such time was fully apprised of the matter set up in her petition; that thereafter appellant filed her petition to set aside the final report of appellee as executrix, alleging the same matters alleged in the petition herein; that the same issues

were formed that are formed herein, and the parties were the same as the parties herein; that during the progress of the trial appellant and appellee made a full and complete adjustment of all the differences between them, and by an agreement in writing appellee was to and did purchase the stock of goods, and was to have credit on the purchase price for the amount of the above judgment, and pay the excess of the purchase price to appellant, in consideration that appellant was to, and did in fact, dismiss' her petition; that appellee has fully performed all the provisions of the contract imposed upon her, and has taken possession of the stock under the appraisement as therein provided. The two contracts are made exhibits.

In appellant's second paragraph of reply—and the sufficiency of this reply against a demurrer is the only question argued—the execution of the contracts set out in the answer is admitted, and certain facts are averred by which it is sought to avoid the force and effect of these contracts. These averments are to the effect that appellee fraudulently represented that she had a valid claim against the estate; that appellant did not have access to the books of decedent until after she had dismissed her exceptions to the final report; that believing these representations she entered into the contracts; that all that was due appellee had been paid her by decedent; that at the time appellant filed her former exceptions, appellee, to mislead the court and defraud appellant, had made false entries, erasures, and interlineations in the books of decedent, at a time when appellant had no access to the books, in order that it might appear that decedent owed her a large sum of money; and that the estate is not indebted in any way to appellee.

We think the demurrer to this reply was properly sustained. Aside from the fact that it is not shown that appellant had ever rescinded the contracts and offered to restore whatever consideration she may have received, the reply does not plead sufficient facts to constitute fraud. The fact

that appellant did not have access to the books of decedent may have been no fault of appellee's. It is not sufficiently shown that appellee made any representations that were false and were made with intent to defraud, that they were such as were likely to deceive a reasonably prudent person, that she acted upon such representations and was injured thereby, and that upon the discovery of the fraud she repudiated the transaction and offered to return whatever of value she may have received under the contract. The answers show that the contracts were executed and carried out by both parties. See *Balue* v. *Taylor,* 136 Ind. 368; *Jones* v. *Mayne,* 154 Ind. 400.

It is a well settled rule that fraud can not be pleaded generally, but that the facts constituting the fraud must be pleaded. It is not sought in the petition to set aside the final report because of any wrongdoing on the part of the executrix in allowing an individual claim against the estate. It is not sufficiently shown that appellant did not know, or might not have known, all the facts when she voluntarily dismissed her former petition to set aside the report.

Judgment affirmed.