MAY TERM, 1906.    115

Indianapolis, etc., Traction Co. *v.* Harbaugh—38 Ind. App. 115.

## INDIANAPOLIS NORTHERN TRACTION COMPANY
### *v.* HARBAUGH.

[No. 5,639. Filed May 29, 1906.]

1. APPEAL AND ERROR.—*Complaint.*—*Conclusions of Law.*—*When Same Questions Presented.*—Where the special findings show the same facts as alleged in the complaint an exception to the conclusions of law presents the same questions as a demurrer to the complaint. p. 116.

2. PLEADING.—*Complaint.*—*Torts.*—*Covenants.*—*Interurban Railroads.*—*Killing Stock.*—A complaint against an interurban railroad company for damages for permitting oil and paint to remain upon its premises, whereby plaintiff's cow was killed, is in tort and is not founded upon a breach of its covenant to keep its right of way fenced. p. 116.

3. APPEAL AND ERROR.—*Pleading.*—*Theory of.*—*Briefs.*—The Appellate Court may refer to the entire record and the briefs of counsel to determine the theory of a pleading. p. 117.

4. INTERURBAN RAILROADS. — *Deeds.* — *Covenants.* — *Breach.* — *Landlord and Tenant.*—*Evidence.*—The tenant of the grantee of lands bordering on an interurban railroad right of way may maintain an action against such company for wrongfully permitting oil and paint to remain exposed on its rights of way, thereby killing his cow, and support same by evidence of a contract by his landlord's grantor whereby such company agreed to fence such right of way. p. 117.

5. TRIAL. — *Conclusions of Law.* — *Exception.* — *When Taken.*—*Appeal and Error.*—An exception to the conclusions of law taken at the time of stating such conclusions is sufficient to question same on appeal, though such conclusions were not stated until after the overruling of the motion for a new trial, such exception being an admission that the facts were fully and correctly found. p. 120.

6. COVENANTS.—*Executory.*—*Running with the Land.*—A contract by an interurban railroad company to fence its right of way runs in favor of the lessee of the covenantee's grantee and such company is liable to him for the death of his cow caused by its failure to fence, though such contract was executory and the deed to such right of way, therein contracted for, had not been executed. p. 121.

From Howard Superior Court; *B. F. Harness,* Judge.

Action by Philip Harbaugh against the Indianapolis Northern Traction Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*James A. Van Osdol* and *Blacklidge, Shirley & Wolf,* for appellant.

*John W. Cooper* and *Thomas S. Gerhart,* for appellee.

MYERS, J.—Appellee in the court below instituted this action against appellant to recover damages for the death of a cow, averred to have been poisoned by drinking oil and eating paints. It is conceded that the cause was tried upon the second paragraph of the amended complaint. A demurrer to this paragraph was by the court overruled, and this ruling is here assigned as error. So far as any question for our consideration is concerned, a general denial formed the issue. The cause was tried by the court, special findings of fact made and conclusions of law stated thereon, and judgment in favor of appellee for $63.

(1) We have carefully examined the amended paragraph of the complaint, also the special findings, and the facts as found by the trial court are in many particulars more favorable to appellant than the facts averred in the complaint. Therefore, except in one particular, which we will hereinafter notice, the error grounded upon the exception to the conclusion of law fully presents the question arising upon such demurrer. *Indiana, etc., Ins. Co.* v. *Bender* (1904), 32 Ind. App. 287; *Ross* v. *VanNatta* (1905), 164 Ind. 557, and cases cited.

The particular averment in the complaint, and on which there is no finding, and to which appellant has given considerable attention in its argument, on the theory that it makes the complaint bad, is as follows: "That said Jones and Jones did on November 1, 1902, in compliance with the terms of said written contract, convey by warranty deed to said traction company, the last-above described tract." The land to which this averment refers is the tract described in the complaint and sold to appellant. Appellant, in support of its contention, predicates its argument upon the theory that the contract is executory, and therefore not sufficient to create a cove-

MAY TERM, 1906.  117

Indianapolis, etc., Traction Co. *v.* Harbaugh—38 Ind. App. 115.

nant running with the land, also that the averment is a mere conclusion, and does not show the covenant to fence was carried forward into the deed, and without the deed, or a copy thereof showing that fact, the complaint is insufficient to withstand a demurrer. If this were an action founded upon the deed, then it would be necessary to make the same, or a copy thereof, a part of the complaint; but, as we construe the pleading, it is built upon the theory of an action to recover damages for the wrongful killing of appellee's cow. We are controlled and supported in our conclusion reached upon this pleading by many decisions. *Toledo, etc., R. Co.* v. *Fenstemaker* (1892), 3 Ind. App. 151; *Conger* v. *Chicago, etc., R. Co.* (1854), 15 Ill. 366; *Toledo, etc., R. Co.* v. *Burgan* (1894), 9 Ind. App. 604; *Lake Erie, etc., R. Co.* v. *Power* (1896), 15 Ind. App. 179. The facts pleaded determine the theory and legal worth of a pleading. *Balue* v. *Taylor* (1894), 136 Ind. 368, 373; *Pennsylvania Co.* v. *Clark* (1891), 2 Ind. App. 146, 151; *Monnett* v. *Turpie* (1892), 132 Ind. 482. In the case last cited, it is said: "The complaint will, if possible, be given such construction as to give full force and effect to all of its material allegations and such as will afford the pleader full relief for all injuries stated in his pleading."

In this State a court having appellate jurisdiction, and having before it the record in the cause, may refer to "the entire record and briefs of counsel on both sides" in order to determine upon what theory the complaint proceeded. *Carmel Nat. Gas, etc., Co.* v. *Small* (1898), 150 Ind. 427.

The written contract requiring appellant to fence its right of way before it took possession of the land, as a part consideration for the sale and purchase thereof, imposed upon appellant a duty, which, by the averments of the complaint, it failed to discharge; and if such failure brought about the injury complained

118     APPELLATE COURT OF INDIANA,

Indianapolis, etc., Traction Co. *v.* Harbaugh—38 Ind. App. 115.

of, and in the manner shown by the complaint, and it being further averred "that said Jones and Jones sold and conveyed by good and sufficient warranty deed to Thomas C. Malaby all the rights and covenants running with the remaining unsold portion of said first-above described land, and especially the covenants of said traction company to said Jones and Jones," and that appellee had leased and was in possession, as a lessee of Malaby, under the ruling of this court in *Toledo, etc., R. Co.* v. *Burgan, supra,* the paragraph should be held to state a cause of action, and the contract or deed to be proper evidence tending to uphold it. *Lake Erie, etc., R. Co.* v. *Power, supra.*

(2) The substance of the facts found may be stated as follows: On May 13, 1902, appellant was an Indiana corporation, and on June 15, 1903, was the owner of a line of railway from the city of Kokomo to the city of Logansport, Indiana. On said May 13 Hannah Jones and Silas W. R. Jones were the owners of a certain tract of grazing land in Howard county, Indiana, which was on that date enclosed by a good, substantial fence. On said last date said owners agreed in writing to sell appellant a portion of said tract of land, which instrument, omitting the description of the land sold, is as follows:

"Greentown, Indiana, May 13, 1902.
For three and one-half acres more or less in section twenty-five, township twenty-four north, of range three east, in Howard county, Indiana, I will take $568.59, upon the following terms and conditions, to wit: The boundary of said land is as follows: [Then follows a description of the land]. I will make warranty deed for same and furnish abstract showing a perfect title to same, and give   possession of the same on and after November 1, 1902. The parties buying said land are to build a good, woven-wire fence on the east line of said tract of land, using cedar posts in the construction of said fence, and they are not to take possession of said ground in any manner whatever until said fence is fully completed, and the consideration for

MAY TERM, 1906. 119

Indianapolis, etc., Traction Co. *v.* Harbaugh—38 Ind. App. 115.

said land is paid in full. This proposition good and binding on me for ten days from this date.

May 13, 1902, at 5 o'clock p. m.

Hannah Jones.
S. W. R. Jones."

"Kokomo, Indiana, May 23, 1902.

We herewith accept the above proposition of Hannah Jones and S. W. R. Jones, and have this day paid you $50 to bind said proposition, and will pay balance of money on or before November 1, 1902, or forfeit the $50 this day paid you.

Accepted at 1:30 o'clock p. m.

Indianapolis Northern Traction Company,
By J. H. Leffler, agent."

On November 10, 1902, Jones and Jones sold and conveyed to Thomas C. Malaby by deed containing covenants of general warranty, a part of said original tract, and abutting the east line of the tract embraced in said agreement. On May 15, 1903, Malaby rented and leased to appellee the tract so purchased from Jones and Jones for grazing purposes, and from said last date to June 15, 1903, he continuously pastured his cow thereon. Prior to the month of May, 1903, but during that year, appellant took possession of the right of way as purchased from Jones and Jones, and begun the construction of its inter-urban railroad over the same, before constructing a fence along the east line of such right of way, and thereafter, and until June 15, 1903, and without any fence on said line, and knowing that cattle were being pastured upon said leased premises, it placed large quantities of materials, such as paints and oils, thereon, as well as on said leased premises, and on said last date had freshly painted trolly poles and large quantities of green paint and oil deposited thereon, which were exposed and unguarded, and which paint and oil were then allowed and permitted to be scattered over and upon the grass growing on its right of way and the premises so leased, without notifying appellee that

it was so using said paints and oils, and appellee had no knowledge that it had or was. using the same. Said east line of said right of way is the west line of the premises so leased, and on which line there was no fence. Near the line dividing the land of Malaby and appellant was a board fence, through which Malaby, after receiving his conveyance, had caused an opening to be made large enough to allow cattle to pass through the same, and which opening remained until after the happening of the occurrence herein complained of. By reasonable care appellee could have known of said opening in the fence onto the land where appellant was prosecuting its work and had its paints and oils, but made no effort to prevent said animal from passing through said opening and onto the premises where the paints were situated. Said paints and oils were accessible to appellee's cow only by reason of said opening. Appellee, during all the time he was so pasturing said animal, as aforesaid, knew that appellant was engaged in the construction of its railroad over its premises, west of said fence, and that said road was not completed at the time said animal so ate of said oils and paints, which caused her death.

On November 9, the court filed its special findings. December 15, and at the same term, appellant filed its motion for a new trial, which on the same day was 5. overruled, and appellant excepted. Following this ruling, and on said last date, the record in this cause shows that the court stated and filed its conclusions of law "upon the facts heretofore found and set out in the record." The conclusion reads as follows: "That the plaintiff is entitled to recover from the defendant Indianapolis Northern Traction Company the sum of $63." To this conclusion of law appellant, at the time, reserved its exception. Thereupon the court rendered judgment in accordance with its conclusion. Appellee insists that no question is presented by the latter exception. Citing

MAY TERM, 1906. 121

Indianapolis, etc., Traction Co. *v.* Harbaugh—38 Ind. App. 115.

*Dickson* v. *Rose* (1882), 87 Ind. 103, and *Smith* v. *Mc-Kean* (1884), 99 Ind. 101. In those cases it appears that the exception to the conclusions of law was not taken at the time the conclusions were stated, and not until after the trial court had overruled a motion for a new trial. While in the case at bar the record discloses that the exception was taken at the time the court stated its conclusions of law, and is sufficient to raise any question which may be presented thereon. This exception is an admission that all facts have been fully and correctly found. *National State Bank* v. *Sandford Fork, etc., Co.* (1901), 157 Ind. 10; *Halstead* v. *Sigler* (1905), 35 Ind. App. 419.

The error assigned on the exception to the conclusion of law presents the controlling question for our decision.

6. The complaint avers the execution of a deed "in compliance with the contract." As to this averment, the special findings are silent. If it was necessary for appellee to aver and prove the execution of the deed containing covenants to build a fence, as stipulated in the contract, as an ultimate fact, and such fact was not found, this failure would inure to the benefit of appellant, and be a sufficient reason for a reversal. *State Bank* v. *Backus* (1903), 160 Ind. 682; *Coffinberry* v. *McClellan* (1905), 164 Ind. 131; *McGrew* v. *Thayer* (1900), 24 Ind. App. 578.

The court did find that appellant entered into a written contract with the grantor of appellee's lessor to fence its right of way before entering thereon to construct its road, and that the deed to appellee's lessor contained covenants of general warranty. The contract is set out in the findings. Under the findings, our consideration is limited to this contract, and the action of the parties thereto, as evidenced by the facts found. It is argued by appellant that the findings exhibit an executory contract and create only rights *in personam,* and until executed there can be no rights *in rem.* We have no fault to find with this argu-

122    APPELLATE COURT OF INDIANA,

Indianapolis, etc., Traction Co. *v.* Harbaugh—38 Ind. App. 115.

ment, and if this were an action wholly *ex contractu,* such argument would be exceedingly weighty, but for reasons hereinafter appearing the theory of appellant is not controlling.

The agreement to fence, in the very nature of things, had reference to and is in many essential elements a real covenant. It is the usual covenant contained in grants to railway companies for rights of way and construed by courts as covenants running with the land. It contained no stipulation to make it purely personal. Such covenants may be with respect to the interest in lands granted, or it may be in the interest of that portion not granted or the lands adjacent thereto, depending upon the reasonable intent of the parties as expressed in the contract. *Conduitt* v. *Ross* (1885), 102 Ind. 166. The stipulation in the contract to fence placed that duty upon appellant, and was in part the consideration for the proposed grant, and, looking to the object and purpose of this feature of the agreement, it will be readily seen that the interest intended to be benefited thereby—by keeping animals off of appellant's right of way and away from danger—was the unsold portion of the land.

The special findings exhibit a valid contract, founded upon a valuable consideration and in full force and effect. Its object is clear. The intention of the parties to be thereby accomplished is plain. While in terms it is executory, yet nevertheless it was the authority by which appellant entered into possession of the land and began and continued the construction of its road. By such possession and acts it must be held to have assumed all the burdens imposed by the authority under which it was acting. One of these burdens, that of building a fence along the east line of its right of way, by the contract is made a condition precedent to its possession for any purpose, but, in violation of such stipulation, it proceeded to construct its road over the land described in the contract and deposited

MAY TERM, 1906. 123

Indianapolis, etc., Traction Co. *v.* Harbaugh—38 Ind. App. 115.

thereon and exposed poisonous substances, which, by reason of its neglect to fence, became and were accessible to appellee's cow, which poisonous substances she ate and thereby became poisoned and died.

The court in *Conduitt* v. *Ross, supra,* refers to the case of *Bally* v. *Wells* (1769), 3 Wils. 25, and quotes: "When the thing to be done, or omitted to be done, concerns the lands or estate, that is the medium which creates the privity between the plaintiff and defendant."

Appellant argues, and it is the law, that executory contracts to convey terminate with the execution of the deeds, and the rights of the parties are to be determined by the latter, the presumption being that the deeds give expression to the final purposes of the parties. *Flanders* v. *Chicago, etc., R. Co.* (1892), 51 Minn. 193, 53 N. W. 544; *Turner* v. *Cool* (1864), 23 Ind. 56, 85 Am. Dec. 449; *Clifton* v. *Jackson Iron Co.* (1889), 74 Mich. 183, 41 N. W. 891, 16 Am. St. 621; *Close* v. *Burlington, etc., R. Co.* (1884), 64 Iowa 149, 19 N. W. 886. But where the parties are proceeding under such executory contract containing a covenant, evidently for the benefit of the remaining portion of the land, and no deed having been executed in the performance of such contract, it would seem to us that its provisions, under all the facts in this case, should and does extend to cover the damages sought to be recovered by this action.

In 3 Elliott, Railroads, §1188, it is said: "Where a railway company obtains a right of way through a farm, and in consideration of the grant of such right of way agrees to erect and maintain secure fences, it is bound to pay for animals killed or injured by its trains in cases where the animals come upon the track through the fault of the company in failing to erect fences according to the terms of its contract. Such agreement when recited in the condemnation proceedings or the instrument by which the railway company obtains its right are charges which run

124   APPELLATE COURT OF INDIANA,

Indianapolis, etc., Traction Co. *v.* Harbaugh—38 Ind. App. 115.

with the land and are binding upon the company even after the landowner has conveyed to subsequent grantees."

In *Gulf, etc., R. Co.* v. *Washington* (1892), 49 Fed. 347, 1 C. C. A. 286, where damages were sought for cattle killed, it was held that "when a railroad company enters into a contract with a landowner to fence its track through his premises for the protection of his stock, such a contract is obligatory on the railroad company as a statute requiring it to fence its track, and, so far as relates to the question of the liability of the railroad company for stock killed by reason of its breach of such duty, it is precisely what it is when the obligation to fence is imposed by statute."

The case of *Louisville, etc., R. Co.* v. *Sumner* (1886), 106 Ind. 55, 55 Am. Rep. 719, was an action to recover damages for hogs killed, as well as other items of damages, occasioned by the neglect of the company to build a fence along its right of way, in violation of a recital in its deed, that such conveyance was made upon the consideration that $200 was paid, and upon the further consideration that the grantee covenanted "to fence said strip." It was held that "it must be supposed that the defendant knew, when it made the contract, and in pursuance thereof exposed the plaintiff's farm to injury by throwing the fields open to the public and rendering it hazardous for him to allow his own animals to pasture where they would be exposed to destruction by the defendant's trains, that special damages would result. Such damages must, therefore, have been within the reasonable contemplation of the parties when the contract was made. That the duty which the railroad company owed arose by contract did not make the rule for the assessment of damages different from what it would have been if the duty to fence had been imposed by statute."

In *Toledo, etc., R. Co.* v. *Burgan* (1894), 9 Ind. App. 604, the landowner executed a deed to the railroad company, and on the same day, by an extraneous contract, the company agreed to fence the right of way so conveyed to

it "within a reasonable time," and this court in that case said: "The gravamen of the action is to recover damages for injuries sustained by appellee, as tenant of the landowner, on account of the failure of appellant to discharge the duties imposed on it by the contract mentioned and set out in the complaint. * * * The duty of the company was a continuing one running with the land. * * * It is not controverted but that the tenant had the same right of action, if any, that the landowner would have had under the same circumstances."

The court did not err in its conclusion of law.

(3) Appellant also insists that the trial court erred in overruling its motion for a new trial. What we have heretofore said in passing on other questions here presented disposes of all the questions arising and presented by appellant in support of this assignment.

Judgment affirmed.