## American Building and Loan Association *v.* Fowler et al.

[No. 6,404. Filed April 30, 1909. Rehearing denied June 29, 1910.]

1. Evidence.—*Oral, Contradicting Written.—Misrepresentations.—Payments Required to Mature Building and Loan Mortgage.—*Under an answer of payment and fraud, in a suit to foreclose a building and loan mortgage, oral evidence of the representations of the company's agent leading up to the execution of the mortgage, is admissible. pp. 290, 291.

2. FRAUD.—*Proof of.*—Fraud being a question of fact may be proved by direct or circumstantial evidence. p. 290.

3. BUILDING AND LOAN ASSOCIATIONS. — *Mortgages.* — *Payment.* — *Fraud.*—*Burden of Proof.*—The burden is upon a mortgagor to prove his answer of fraud or payment, pleaded as a defense in a suit to foreclose her mortgage. p. 291.

4. FRAUD.— *Opinions.*— Mere opinions. as to the law, or as to what will happen, do not ordinarily constitute a basis for actionable fraud. p. 291.

5. FRAUD.—*Misrepresentations.*—*Deception.*—Misrepresentations, to constitute a defense to a suit for foreclosure, must be of existing facts, acted upon, and calculated to deceive an ordinarily prudent person. p. 291.

6. CORPORATIONS.— *By-Laws.*— *Stockholders.*— *Notice.*— Stockholders in a mutual association must take notice of its by-laws and rules in force at the time membership is acquired. p. 291.

7. TRIAL.—*Conclusions of Law.*—*Exceptions to.*—*Admissions as to Facts.*—An exception to the conclusions of law admits that the facts are correctly found. p. 292.

8. FRAUD.—*Facts.*—*Pleading.*—The facts constituting fraud must be set out in a pleading. p. 292.

9. FRAUD.—*Special Findings.*—*Facts.*—*Conclusions of Law.*—In order to sustain a conclusion of law in favor of a party relying upon fraud, the special findings must disclose fraud as a fact. p. 292.

10. BUILDING AND LOAN ASSOCIATIONS.—*Mortgages.*—*Fraud.*—*Special Findings.*—Special findings that a building and loan association represented to the mortgagor that her mortgage would be canceled when a certain number of payments were made, that the bond and mortgage provided for the payment of dues, premiums and interest, that the mortgagor relied upon the representations, executed the mortgage and made the payments, show fraud upon the part of the association sufficient to prevent the collection of any further amount. p. 292.

11. FRAUD.—*Execution of Instruments.*—*Enforcement.*—Where one without negligence on his part is induced by fraud to execute an instrument, such instrument cannot be enforced. p. 293.

12. TRIAL.—*Special Findings.*—*Evidence.*—Evidentiary matters contained in a special finding will be disregarded. p. 293.

13. BUILDING AND LOAN ASSOCIATIONS.—*Mortgages.*—*Fraud.*—*Payment.*—*Special Findings.*—*Conclusions of Law.*—Special findings showing that defendant paid the mortgage sued on, and that its execution was induced by fraud, sustain a conclusion of law for the defendant. p. 294.

14. NEW TRIAL.—*Insufficiency of Evidence.*—*Appeal.*—To present on appeal, the question of the sufficiency of the evidence to sus-

tain the judgment, an assignment that. the decision was not so sustained must be made in the motion for a new trial.   p. 294.

15.  APPEAL.—*Rehearing.—Questions  Presentable.*—Questions not raised on the original hearing of an appeal cannot be considered on a petition for a rehearing.   p. 295.

From Randolph Circuit Court; *J. W. Macy,* Judge.

Suit by the American Building and Loan Association of Indiana against Mary J. Fowler and others.   From a judgment for defendants, plaintiff appeals.   *Affirmed.*

*Chambers, Pickens, Moores & Davidson, Nichols, Goodrich & Bales, Hawkins, Smith & Hawkins* and *Lewis C. Walker,* for appellant.

*John W. Newton,* for appellees.

MYERS, J.—On August 18, 1894, appellee Mary J. Fowler, and her husband, Thomas L. Fowler, executed to appellant a mortgage on certain real estate in Randolph county, Indiana, and this is a suit to foreclose that mortgage.   Appellees John M. Stewart and Matilda Stewart were made defendants and called upon to answer as to their interest in the real estate.   Issues were formed and submitted to the court for trial.   At the request of the parties the court made a special finding of facts, on which it concluded the law to be with appellees, and rendered judgment accordingly.

The record in this case is properly before us, and the questions for our consideration are presented by the assignments that the court erred in overruling appellant's motion for a new trial, and in its conclusions of law.

The facts, as they appear from the pleadings, are in the special findings, except the fact that appellees Stewart and Stewart are the owners, by purchase from appellee Mary J. Fowler, of a part of the real estate covered by said mortgage.   In substance, the facts, as found by the court, are that on August 18, 1894, appellee Mary J. Fowler was the owner of certain real estate in Randolph county, and on that day, her husband joining, she executed to appellant a mort-

gage thereon. The mortgage states that it is executed and intended as a security for the performance by said mortgagors of certain stipulations and agreements entered into by said parties with said association, as set forth in a bond of even date therewith, in the penalty of $800, executed by said mortgagors to said association. As bearing upon the questions now to be considered, the mortgage and bond each provides that Mary J. Fowler shall continue to pay the monthly dues at the rate of fifty cents per share per month, upon her five shares of stock at $100 each, and an annual interest and an annual premium of six per cent each, payable monthly; all of the aforesaid payments to continue "until the just and full sum of $500, together with said interest and premiums, has been paid to said association." A number of other provisions are found in the mortgage, unnecessary here to be set forth. It is also found that on May 6, 1894, appellant issued to Mary J. Fowler a certificate for five shares of its capital stock in Class A, of the face value of $500, but did not deliver the certificate to her until after the bringing of this suit. The certificate of stock, which is set out in the findings, recites that in consideration of the written and printed application for membership and stock, together with full compliance with the charter and by-laws of this association, which are hereby referred to and made a part of this contract, and upon the payment of $240, divided into equal monthly instalments of $2.50 each, beginning with May, 1894, at the maturity thereof, as provided in article eight, section one, of its by-laws, the association promises to pay to the then legal holder of said stock the sum of $500. Reference is made to what is termed "Conditions" printed on the back of the certificate, which appear to be certain sections of the by-laws of said association, the first of which requires that stock in Class A shall be paid for by monthly instalments of fifty cents, and limits the stockholder's liability to ninety-six instalments. The court also found that said applications for membership and stock in said association and

for a loan were procured from appellee Mary J. Fowler by fraud and false representations made by appellant, and that said appellee was induced to execute said bond and mortgage and to accept said loan by false and fraudulent representations of appellant, in that its officers and agents falsely represented to her that if she would make application for said five shares of said capital stock, would become a member of said association to that extent, would make an application for a loan of $500 and would accept said loan, and, with her husband, would execute a bond evidencing said loan and secure it by a mortgage on her said real estate, upon the payment of ninety-six monthly payments of $7.50 each, commencing in May, 1894, said stock would be fully paid for, and said stock would be taken and canceled in full satisfaction of all sums due or to become due under said bond and mortgage; that appellant at the time of making said false and fraudulent representations knew them to be false, and made them and each of them for the purpose of defrauding and deceiving the appellee; that, at the time of making said false and fraudulent statements, Mary J. Fowler was sixty years of age, inexperienced in matters of business, and especially inexperienced in building and loan business, and unfamiliar with building and loan matters, and was ignorant and inexperienced in the form and substance of the certificate, etc., and did not know their legal effect; that she did not know that said representations were false and fraudulent, but relied on them and believed them to be true, and acted in all of said matters under such belief; that Mary J. Fowler, before the commencement of this suit, fully paid to appellant all sums due or to become due under said certificate of stock, by-laws, bond and mortgage.

Upon the facts found, the court concluded that the law was with appellees, and that they should have judgment for their costs.

Appellant, in support of its motion for a new trial, relies

solely upon the alleged error of the court in admitting certain testimony. The testimony admitted relates to

1. conversations between one of appellant's agents and appellees John M. Stewart and Mary J. Fowler, at the time the latter executed the bond and mortgage in suit. Witness Stewart, in answer to a question propounded by appellees, calling for what the agent did and said, over the objection of appellant was allowed to answer as follows: "I said to the American Building and Loan Association man: 'How long would it take this stock to pay out, and my aunt have her property clear of any incumbrance, at the rate of $7.50 a month?' He said: 'It will pay out in eight years or before.' I said to him: 'Mrs. Fowler would not want to take this loan and not know when it was going to pay out.' He said: 'You can rest assured it will pay out in eight years or before.'"

Mary J. Fowler testified as follows: "He [referring to the agent] went on to tell and explain about my taking out a loan, and he said that it would—that the loan would pay out in eight years or even sooner, and went on to relate about other circumstances where loans had paid out in less than eight years. Of course I don't remember all he said. He said quite a good deal, and he read—took out some papers from his pocket and read over these papers. I don't remember just now how the papers did read, but, in substance, that the loan would pay out in eight years, if not sooner—I was to pay $7.50 a month." Appellees defended this suit on the ground of payment, and also upon the ground that the application for the loan, as well as the mortgage, was procured by appellant through fraud. It is not denied, and the evidence shows, that the agent of appellant who took Mary J. Fowler's application for the loan had authority to do so; but the sufficiency of the security and the actual acceptance of the application were matters not within the line of the

2. agent's employment. Fraud being a question of fact which may be proved by circumstantial or direct evi-

American, etc., Loan Assn. v. Fowler—46 Ind. App. 285.

dence (*Tyler* v. *Davis* [1906], 37 Ind. App. 557), the trial court was entitled to know all the facts surrounding the transaction, and to be placed as nearly as possible in the position occupied by the parties at the time the transaction took place. *Ewing* v. *Wilson* (1892), 132 Ind. 223, 19 L. R. A. 767. The burden was on appellees to prove their answer of fraud or of payment. As a rule, representations concerning the law, or an opinion as to what will happen in the future, will not constitute actionable fraud. *Gipe* v. *Pittsburgh, etc., R. Co.* (1908), 41 Ind. App. 156. But representations in order to be actionable or sufficient upon which to ground a defense must be of alleged existing facts, acted upon, and such as would deceive a reasonably prudent person. *Zeller* v. *Zeller* (1904), 32 Ind. App. 166; *Balue* v. *Taylor* (1894), 136 Ind. 368, 374; *Kramer* v. *Williamson* (1893), 135 Ind. 655; *Peffley* v. *Noland* (1881), 80 Ind. 164.

Appellant insists that the statements of the agent were inadmissible, because they tended to contradict the written contract and the by-laws of appellant. In *Moore* v. *Harmon* (1895), 142 Ind. 555, 559, it is said: "Fraud, arising out of the negotiations leading up to the execution of a written contract, is not merged therein; and when fraud is the issue, evidence tending to prove the same is admissible, although it may vary, add to, or contradict the terms of the written contract." While it is true that a stockholder in a mutual concern, such as appellant, must take notice of the by-laws and rules in force at the time membership is acquired (*Pfister* v. *Gerwig* [1890], 122 Ind. 567; *Wayne, etc., Loan Assn.* v. *Skelton* [1901], 27 Ind. App. 624; *Farmers Mut. Fire Ins. Co.* v. *Jackman* [1905], 35 Ind. App. 1), it must be remembered that we are now considering a bond and a mortgage which make no reference whatever to any by-laws or rules of appellant; and although the alleged statements of appellant's agent may have amounted to no more than

an opinion as to the length of time required to pay off the proposed loan (*Wayne, etc., Loan Assn.* v. *Gilmore* [1906], 37 Ind. App. 146), they were representations of the agent, provable under the issues of fraud, made as an inducement to Mary J. Fowler to make the application and execute the bond and mortgage in suit. Jones, Evidence (2d ed.) p. 547; *Burns* v. *Thompson* (1883), 91 Ind. 146, 150; *Moore* v. *Harmon, supra; Clem* v. *New Castle, etc., R. Co.* (1857), 9 Ind. 488; Abbott, Trial Ev. (2d ed.) p. 1001.

The assignment based on an exception to the conclusions of law will be considered upon the presumption that the facts have been fully and correctly found. *Kisling* v. *Barrett* (1904), 34 Ind. App. 304; *Indianapolis, etc., Traction Co.* v. *Harbaugh* (1906), 38 Ind. App. 115; *Eisman* v. *Whalen* (1907), 39 Ind. App. 350; *Pittinger* v. *Ramage* (1907), 40 Ind. App. 486; *Conner* v. *Andrews Land, etc., Co.* (1904), 162 Ind. 338. Where fraud is the basis of an action or a cause of defense, the facts constituting such fraud must be pleaded (*McAfee* v. *Bending* [1905], 36 Ind. App. 628; *Zeller* v. *Zeller, supra*); and in order to sustain a conclusion of law in favor of a party pleading fraud, fraud, as a fact, must be found. In this case the court found that the applications of Mary J. Fowler for membership in said association and for the loan, the execution of the bond and mortgage, and the acceptance of the loan from appellant, were procured by appellant by fraud and by false and fraudulent representations upon which said appellee relied and, in good faith, believed to be true; that before the commencement of this suit she had fully paid to appellant the sums due or to become due under said certificate of stock, by-laws, bond and mortgage.

That the evidence was sufficient to sustain the findings of the court is not questioned, so that if the findings support the conclusions of law thereon, no error in this respect was committed by the trial court. *Talbott* v. *Town of New Castle*

(1907), 169 Ind. 172. The mortgage and bond, standing alone, fixed the liability of Mary J. Fowler, and she is presumed to have known their significance at the time of their execution and delivery. But assuming that she did, it will be seen that what was termed therein as dues, interest and premiums, payable each month, amounted to $7.50, and the findings show that it was falsely represented to her that such monthly payments were, by the mortgage, required to be paid by her to appellant for a specified time in satisfaction of the loan. The bond and mortgage contained many provisions which, unitedly, to one not alert or to one inexperienced in such matters, were confusing, and might be used by designing persons as a basis to create a false impression or belief to be entertained by others as to the real import of such instruments. It is the law that where one induces another by fraud to sign and deliver an instrument materially

11. different from that agreed upon, the latter not being negligent, such an instrument will be so "impressed with fraud that a court will not sanction the enforcement thereof against the defrauded party." *Ray* v. *Baker* (1905), 165 Ind. 74.

In *Wiley* v. *Commonwealth, etc., Sav. Assn.* (1909), 43 Ind. App. 209, the sufficiency of certain answers to state a defense, on the ground of fraud, to a cross-complaint was before this court, and on the authority of certain cited cases the answers were held insufficient. In that case the by-laws were made a part of the bond and mortgage, and were to the effect that the loan should continue until the stock held as collateral, by crediting the stock payments, together with its *pro rata* share of the dividends, should equal the par value of the stock. We were then considering the force of pleaded facts, while now we are dealing with the ultimate fact as found from the evidence introduced at the trial.. The evi-

12. dentiary matters contained in the findings will be disregarded. *Pavey* v. *Braddock* (1908), 170 Ind. 178; *Stewart* v. *Gwynn* (1908), 41 Ind. App. 320.

In this case the court found the essential fact of fraud, and also that before the commencement of this suit appellee Fowler had fully paid all the demands of appellant against her. The findings sustain the conclusions of law.

Judgment affirmed.


## ON PETITION FOR REHEARING.

MYERS, J.—Counsel for appellant earnestly insist that we should have passed upon the sufficiency of the evidence to support the decision of the trial court. In support of that contention, counsel refer us to that part of their original brief under the heading "Points and Authorities" and subhead "motion for a new trial," point 2, which reads as follows: "The agent's statements were only expressions of opinion, and not false representations."

Our former conclusion as to the questions presented and relied upon in this court by appellant in support of its motion for a new trial, is reaffirmed, after a careful re-examination of appellant's original brief. Appellant's statement in that regard is clear, and leaves no room for a misunderstanding. It is as follows: "The motion for a new trial presents the following rulings of the court upon the admission of evidence." Then follow four questions and objections thereto, each followed by a recital that the objection was overruled and that appellant excepted; also that a motion to strike out the answer to each question was overruled and exception taken. No other reason, in support of its motion, is given.

Had appellant desired to challenge the decision of the court on the ground of insufficient evidence, it might have done so by an assignment to that effect in its motion for a new trial. *Stevens* v. *Leonard* (1900), 154 Ind. 67, 77 Am. St. 446. But, as we have seen, no such reason is relied upon

in its brief in support of its motion. Not having presented this question in its original brief, it is now too late to do so.

Petition for rehearing overruled.