No. 13.

## REITER *v.* CUMBACK ET AL.

SURETYSHIP.—*Payment.—Contribution.—Suit.*—As soon as the debt becomes due any one of several co-sureties may, without suit or compulsion, pay the debt and recover contribution from his co-sureties. He is not bound to wait for suit, even though one of his co-sureties has notified the holder of the debt to bring suit thereon against the principal.

SAME.— *Voluntary Payment.*—All of the co-sureties are equally liable for the whole debt, and a payment of the debt by any one of them after it is due, and without compulsion, is in no sense a voluntary payment.

SAME.—*Notice to Sue not Applicable to Co-Surety.*—The right of a surety to give notice to the holder of an obligation signed by them to sue, is given for the use of sureties against such holder, and not for the benefit of sureties among themselves.

SAME.—*Corporation.—Directors as Sureties for.—Payment Over Protest of Co-Surety.*—Directors of a corporation who have become sureties on a note given by such corporation may take it up when due and execute a new note in payment thereof, even after one of their number has served notice upon the holder of the note to sue; and it is no defence in an action for contribution by his co-sureties that they combined to prevent the holder suing on such note and reducing the property of the corporation to its payment by execution, by giving their own note in payment thereof.

FRAUD.—*Performance of Lawful Acts.—Non-Performance.*—Fraud can not be predicated upon acts which the party charged has a right by law to do, nor upon the non-performance of acts which by law he is not bound to do, whatever may be his motive, design or purpose, either in doing or not doing the acts complained of.

From the Decatur Circuit Court.

*J. K. Ewing* and *C. Ewing,* for appellant.

*J. D. Miller* and *F. E. Gavin,* for appellees.

ROBINSON, J.—This was an action for contribution. The complaint is by William Cumback, Elias R. Forsyth, Lemuel B. Eward and Marshall Grover, against the appellant. The complaint alleges that on the 1st day of April, 1886, the Greensburg Manufacturing Company, by its note of that date, promised to pay Cortez Ewing, cashier of the Third National Bank of Greensburg, Indiana, four months after

date, the sum of $3,000, with seven per cent. interest after maturity; that the plaintiffs and defendant severally joined with said manufacturing company in the execution of said note as its accommodation endorsers; that at the maturity of the note, the principal having failed to pay the same, the defendant notified in writing the then holder thereof to institute an action for its collection; that thereupon the plaintiffs, as such sureties, jointly paid said note by the execution to the holder of their own promissory note for the full amount thereof, payable four months after date at the Third National Bank of Greensburg, Indiana, which was received by the holder in full payment and satisfaction of said prior note; that defendant had not paid plaintiffs any part of the same, and that there was due to plaintiffs from defendant his portion of said debt. A copy of the note was filed and made a part of the complaint, and was signed "Will Cumback, president," and by the appellees and the appellant.

The appellant demurred to the complaint, which demurrer was overruled, and then answered in two paragraphs. The first paragraph admits the execution of the note, and that it was executed as alleged in the complaint, and avers that the plaintiffs were all directors of said manufacturing company and constituted a majority of its board of directors, and as such controlled its affairs; that on the maturity of said note defendant served written notice on the holder to the effect that he was surety and would claim to be discharged unless suit was brought on the note without delay; that said company was principal in the note and had a large amount of property subject to execution out of which said note could have been satisfied by law; that when the notice was served the plaintiffs had control of said company, and its directors combined together to prevent the defendant from having said note sued upon and reduced to judgment, and from having the assets of said company reduced to the payment of said note and to deprive him of his remedy as provided by sections 1210 and 1211, R. S. 1881; that plaintiffs, with-

out defendant's consent, voluntarily and without compulsion renewed the note by executing in lieu thereof another note for the amount then due, which note was payable and negotiable as stated in the complaint; that although said note so renewed operated by law as a payment so far as the holder was concerned, said plaintiffs did not in fact pay said debt, but simply changed its form for the purpose of depriving defendant of his statutory remedy as surety, and for the purpose of enabling the plaintiffs to apply the assets of said company to purposes other than the payment of said note on which the defendant was surety, and they did apply said assets to other uses and purposes and left said debt unpaid. A copy of the notice to the holder of the note was filed with and made a part of the answer, and is in the words following:

"EXHIBIT A.

"GREENSBURG, IND., Aug. 13th, 1886.

" To the Third National Bank of Greensburg, Ind. :

" Take notice that I am the accommodation surety of the Greensburg Manufacturing Company and its directors on a note for $3,000, payable to you, and due August 1st–4th, 1886. You are hereby requested to proceed without delay to collect said note or I will claim to be discharged.

"A. REITER."

The second paragraph of the answer was by general denial.

The appellees demurred to the first paragraph of appellant's answer, for the cause that the answer did not state facts sufficient to constitute a defence to the action. The demurrer was sustained and proper exceptions taken. Whereupon the appellant withdrew the answer of general denial, and refusing and failing to plead further the court rendered judgment as prayed for in the complaint.

But one error is assigned, viz.: "The court erred in sustaining the demurrer to the second paragraph of the answer and in rendering final judgment on demurrer."

The appellant earnestly insists that the court erred in sus-

taining the demurrer to the answer, and this presents the material question in the case; that is to say, whether, under the statement of facts contained in the answer, the appellant, having served written notice on the holder of the note to sue, put appellant in a position to defend in an action for contribution, or whether appellees could, after notice by appellant to the holder of the note to sue, take up the note by making the one, as is alleged in the complaint, payable in bank and thereupon recover from the appellant in an action for contribution. The execution of the note by appellees, it being negotiable, was a payment of the first note, and unless some other reason existed gave the appellees a right of action against appellant for contribution.

Sections 1210 and 1211, R. S. 1881, provide that any person bound as surety upon any contract in writing for the payment of money, or the performance of any act, where the right of action has accrued, may require, by notice in writing, the creditor or obligor forthwith to institute an action upon the contract, and if the creditor or obligee shall not proceed within a reasonable time to bring his action upon such contract and prosecute the same to judgment and execution the surety shall be discharged from all liability thereon.

For anything that is disclosed in the answer it does not appear that an action was commenced by the bank on the note in pursuance to said notice, nor do we think such fact material. This statute has no bearing upon the remedy between co-sureties. As soon as the debt becomes due any one of several co-sureties may, without suit or compulsion, pay the debt and recover contribution from his co-sureties. The appellant notified the bank to sue. His co-sureties were not bound to await suit, but if they chose, as they did in this case, could pay the note off and proceed against the co-surety for contribution, or the appellant could have pursued the same course. All of the co-sureties are equally liable for the whole debt, and a payment of the debt by any one

of them after it is due, and without compulsion, is in no sense a voluntary payment. Brandt Suretyship, section 257; *Judah* v. *Mieure*, 5 Blackf. 171.

When the note matured, under section 1210 and 1211, R. S. 1881, *supra*, appellant had an undoubted right to give the holder notice to sue. This right, however, is given for the use of sureties against the holder of obligations signed by them, and not for the benefit of sureties among themselves.

Thus far we have put this opinion upon the ground that when the appellant served notice upon the holder of the note to sue, the appellees had the right to pay the note without waiting for suit, and bring their action against the appellant for contribution. The question now arises, are there any facts averred in the answer to take this case out of the rule as stated? It is insisted by the appellant " that the directors of said manufacturing company, who are the appellees, combined together to deprive the appellant of his statutory remedy, and to prevent him from having the note reduced to judgment, and for the purpose of enabling them to apply the assets of the company to other purposes, voluntarily and without compulsion renewed the note with another payable in bank; that the company had assets sufficient to pay the note, but that the assets had been otherwise applied."

It will be observed that there is no allegation in the answer charging any unlawful act on the part of the appellees. Such an averment is essential to constitute fraud. " Fraud can not be predicated upon acts which the party charged has a right by law to do, nor upon the non-performance of acts which by law he is not bound to do, whatever may be his motive, design or purpose, either in doing or not doing the acts complained of." *Franklin Ins. Co.* v. *Humphrey*, 65 Ind. 549.

It is not claimed in the answer that appellees did anything in their capacity as co-sureties detrimental to appellant, but to take up the note and bring this suit; that what

they did was in the capacity of directors in the company. It does not claim that the assets of the company were in any manner wasted. What became of them? Whether they were paid out on indebtedness or otherwise, no lien is claimed in equity to have them applied on this debt. There is no allegation as to the solvency or insolvency of the corporation, when the notice to sue was served, or when judgment could have been obtained against it, or whether the corporation has since become insolvent. We think, from these considerations, the answer failed to state facts sufficient to constitute a defence to the action, and that the demurrer to the answer was correctly sustained; that the court committed no error in rendering judgment in favor of the appellees against the appellant.

We find no error in the record.

Judgment affirmed, with costs.