Filed Jan. 30, 1894.

———————◆———————

No. 16,539.

## BALUE v. TAYLOR ET AL.

PLEADING.—Complaint.—Theory of.—Trial.—Judgment.—A complaint must proceed upon some definite theory, to be determined from the whole pleading, and the cause tried upon that theory, and such a judgment rendered as the theory adopted warrants.

SAME.—Complaint, Sufficiency of.—Damages.—Breach of Contract.—Tort.—Inducement.—Where a complaint, in an action for damages for breach of contract, contains allegations charging the defendant with a tort, such allegations do not render the complaint bad and insufficient, where they may be fairly treated as matter by way of inducement to the gravamen of the action.

CONTRACT.—Rescission of.—Re-Tender of Consideration.—Recovery.—Estoppel.—Where a party to a contract seeks to avoid it, or rescind it, on the ground of fraud, he must, before he can recover, tender back to the other party whatever of value he received in consideration for the property he seeks to recover by the rescission; and if, upon the discovery of the fraud, he fails to tender, or offer to return, he thereby affirms the contract, and can not afterwards be heard to complain.

SAME. — Representations. — Fraud. — Action. — Representations upon which an action of fraud can be predicated, must be of alleged existing facts and not upon promises to be performed in the future.

SAME.—Fraud.—When Damages the Only Remedy.—Rescission.—Action.—Where the parties to an executed contract can not be placed in statu quo, on rescission of the contract for fraud, owing to a sale and transfer of the property, the only effectual redress for the aggrieved party is an action for damages.

Balue v. Taylor et al.

DEED.—*Escrow.*—*Obtaining Custody Before Condition Performed.*—*Conveyance.*—*Title.*—*Estoppel.*—Where the grantees of a deed in escrow obtain custody thereof before the condition on their part has been performed, and convey the land to others, the grantees are estopped to avoid it or to say that no title passed to them.

DAMAGES.—*Excessive.*—*Breach of Contract.*—Where A. and B. bartered land, A. having land in Illinois worth $7,000, the agreed price, and B. owning land in Kansas worth $5,000, the agreed price, B. agreeing to pay the difference, $2,000, and, on making the exchange, B. only paid $1,484 difference, leaving $516 due, the exchange being made January 9, 1886, and fraud appearing on the part of B. each party agreed to an adjustment of the transaction, by which B. agreed to pay A. $3,000 in cash and $1,500 in real estate, which agreement was never performed, a verdict in an action for damages for breach of the contract, for $5,523, rendered April 9, 1891, was not excessive.

VERDICT.—*General.*—*Informal.*—*When Sufficient.*—A general verdict somewhat informal is sufficient where the court could, and it is evident that it did, understand its meaning.

INTERROGATORIES TO JURY.—*Irrelevant to Issues.*—*Refusal to Submit.*—*Withdrawal.*—It is not error for the court to refuse to submit an interrogatory which is irrelevant to the issues, nor to withdraw such interrogatory after it has been submitted.

From the Sullivan Circuit Court.

*J. T. Beasley* and *A. B. Williams,* for appellant.

DAILEY, J.—Appellee Robert H. Taylor filed a complaint in the Sullivan Circuit ·Court, against the appellant, Marion Balue, and co-appellee John ℃. Chaney, in which he alleged, in substance, the following facts:

That on and prior to the 9th day of January, 1886, he was the owner of a farm in Clark county, Illinois, of the value of $7,000; that at said date said Balue, conspiring to cheat and defraud him out of his farm, and knowing that plaintiff was desirous of selling said land for the purpose of removing to the State of Kansas, proposed to exchange a tract of land in the last named State, for said farm, the Kansas land to be taken and received at the price of $5,000, the defendant, Balue, agreeing to

pay the plaintiff the difference, to wit, $2,000 in cash; that the defendant induced plaintiff to make such exchange by falsely and fraudulently representing to him that the Kansas land was clear and] free from incumbrance, good rich soil, well improved, and of the value of $5,000; that the title to said Kansas real estate was in the said Balue, who, with his wife, did, on the 9th day of January, 1886, execute to plaintiff a warranty deed conveying to him said land. Plaintiff says he lived at said farm in Clark county, Illinois, had no knowledge of the title to the Kansas tract, but relied wholly upon the representations of said defendant, made as aforesaid, in relation thereto; that said defendant paid him in cash upon said transaction the sum of $1,484, and he conveyed his said land to the defendant, Balue, at his instance and request, and the tract has since been conveyed to other persons; that, after receiving the deed from Balue and wife, he sold his personal property and removed to the State of Kansas, when he, for the first time, learned that all the representations so made by the defendant were false and fraudulent; that the Kansas land was not worth to exceed $5,000, and that there was a mortgage incumbrance past due thereon then amounting to $1,500. All of which facts were well known to said defendant before said exchange; that immediately, upon learning the facts aforesaid, plaintiff returned and demanded a rescission of said contract and exchange, and a reconveyance to him of the tract of land conveyed by him in Illinois. Whereupon the defendants, Balue and Chaney, conspiring and confederating together to further cheat and defraud plaintiff, informed him that they could not rescind said contract of exchange, because of the sale of said land in Illinois, but in lieu thereof they proposed and agreed that to settle and compromise said matter, they would pay plaintiff $3,000 in cash and con-

vey to him fifteen acres of land in Sullivan county, Indiana, worth $1,500, and plaintiff agreed to accept said proposition and reconvey said Kansas land upon the performance of the agreement upon the defendant's part, and did, his wife joining him therein, execute a deed for said Kansas land, to defendant John C. Chaney, at the instance and request of both of said defendants, and deposited it with N. G. Buff, to be delivered to the defendants, and said Buff delivered the same to the defendants, who immediately conveyed said land, and while so doing permitted the mortgage thereon to be transferred and foreclosed, and the premises sold to innocent purchasers; that the title to said fifteen acres, in Sullivan county, was in the said N. G. Buff, who immediately conveyed the same to some other person; that the fact that the title was in said Buff was concealed from the plaintiff, and defendant Chaney falsely represented to plaintiff that he was the owner of said land, whereas said Buff was the owner, and defendants had contracted to buy said land and pay said Buff $1,200 therefor, and defendants wholly failing to pay said sum, said Buff sold and conveyed the land, as aforesaid; that plaintiff did not learn, until long afterwards, that the defendant Chaney did not own said tract.

Plaintiff says, that said contract was reduced to writing and signed by the plaintiff and defendant Balue, and was left with the latter for the signature of the defendant Chaney, and was delivered to defendants, and is now in their possession, wherefore he says he can not furnish a copy thereof; that no part of said $3,000 has been paid; that said fifteen acres of land has never been conveyed to him; that he has been put to a great expense, loss and damage by reason of the fraudulent acts of the defendants, to wit, $5,000; that said sum of $3,000 is long past due, and he is entitled to interest thereon from

the date of said contract, and to the agreed value of said fifteen acres, with interest thereon. Wherefore he demands judgment for ten thousand dollars and other proper relief.''

To this complaint the defendant Balue demurred for want of sufficient facts and for misjoinder of causes of action. The demurrer was overruled, to which he excepted. He then filed his answer in general denial.

The record is silent as to the defendant Chaney, in the making up of the issues. He does not seem to have either demurred or answered the complaint.

The issues joined between the plaintiff and Balue was submitted to a jury for trial, and resulted in a verdict for the plaintiff in the sum of $5,523.

The defendant Balue filed a motion for a *venire de novo*, which was overruled, and he excepted. He then filed his motion and written reasons for a new trial. This motion was overruled, to which he excepted. Thereupon the court rendered judgment upon the verdict, and from it he presents this appeal.

The errors assigned are:

1. The court erred in overruling the separate demurrer of Marion Balue to the complaint.

2. The court erred in withdrawing from the jury the written interrogatory submitted to the jury by the court, upon the request of the defendant.

3. The court erred in withdrawing from the jury, after the same had been submitted to the jury by the court, upon the request of the defendant Marion Balue, the following written interrogatory: "Did the plaintiff Robert H. Taylor sell and convey to the defendant Balue his, plaintiff's, farm, situate in Pawnee county, Kansas?"

4. The court erred in overruling the motion of the appellant Marion Balue for a *venire de novo*.

5. The court erred in overruling the motion of appellant Marion Balue for a new trial.

Under the first specification of error the learned counsel for appellant present an able and ingenious argument, assailing the sufficiency of the complaint upon the ground that a large portion of it is an attempt to charge appellant with a tort in fraudulently misrepresenting his title to the Kansas farm, also in concealing from the appellee the existence of the mortgage lien thereon, and in refusing to rescind the contract of exchange and reconvey his Illinois farm, while the residue, he insists, proceeds upon the theory of a conspiracy between the appellant and his co-defendant Chaney.

After having thus analyzed and summarized the complaint, counsel call our attention to the well settled rule of law, that a complaint must proceed upon a definite theory, and the cause tried upon the theory presented by the pleadings; and such a judgment as the theory adopted warrants must be rendered, and no other or different one. *Feder* v. *Field,* 117 Ind. 386, and citations; *First Nat'l Bank, etc.,* v. *Root,* 107 Ind. 224.

It is equally true that the theory of a pleading as to whether it is an action on contract or tort is to be determined from the whole pleading, and not from isolated or detached parts. *First Nat'l Bank, etc.,* v. *Root, supra; City of North Vernon* v. *Voegler,* 103 Ind. 314; *Over* v. *Schiffling,* 102 Ind. 191; *Louisville, etc., R. W. Co.* v. *Schmidt, by Next Friend,* 106 Ind. 73.

In *First Nat'l Bank, etc.,* v. *Root, supra,* it is said: "This court has often decided that every pleading must proceed upon some single definite theory which must be determined by its general scope and character." *Western Union Tel. Co.* v. *Reed,* 96 Ind. 195; *Mescall* v. *Tully,* 91 Ind. 96.

It is the law, as contended by counsel, that where a

party to a contract seeks to avoid it for fraud, or asks to rescind it on the ground of fraud, he must tender back to the other party whatever of value he received for the property which he seeks to recover by the rescission. *Haase* v. *Mitchell*, 58 Ind. 213; *Watson Coal, etc., Co.* v. *Casteel*, 68 Ind. 476; *Hanna* v. *Shields*, 34 Ind. 84.

If a party, upon the discovery of fraud in the procuring of a contract, fails to return, or offer to return, whatever of property or thing of value he has received under the contract, he thereby affirms the contract, and can not afterwards be heard to complain. *Shaw* v. *Barnhart*, 17 Ind. 183; *Gatling* v. *Newell*, 9 Ind. 572.

Counsel also remind us that representations upon which an action of fraud can be predicated, must be of alleged existing facts and not upon a promise to do something in the future, although the party promising had no intention of fulfilling the promise at the time it was made. *Bennett* v. *McIntire*, 121 Ind. 231; *Caylor* v. *Roe*, 99 Ind. 1; *Fry* v. *Day*, 97 Ind. 348.

The foregoing principles enunciated by counsel are elementary.

Applying these tests to the complaint under consideration, it is manifest it would not be sufficient to constitute a cause of action for a rescission of the contract between the parties.  But we think counsel are mistaken in assuming that the complaint in question proceeds upon the hypothesis of rescission.

It is not a model of good pleading; consists of much redundant matter, some of which, including an exhibit of the deeds, we have omitted from a summary of its contents.  The portion of the complaint charging the appellant with a tort in fraudulently misrepresenting his title to the Kansas farm, and in concealing from Taylor the existence of the mortgage lien thereon, and in refusing to rescind the contract of exchange and reconvey to

him his Illinois farm, may be fairly treated as matter by way of inducement to what follows, viz: That Balue had conveyed to Taylor a farm in Pawnee county, Kansas, with a mortgage incumbrance of $1,500, when Balue had represented the land to be clear and free from liens; that Balue made Taylor a warranty deed for the tract; that after Taylor ascertained there was a mortgage lien thereon, he demanded a rescission of the contract with Balue; that thereupon Balue and Chaney represented to Taylor that Balue had conveyed away the Illinois farm and could not rescind the contract, but that they, to settle and compromise the matter, would pay Taylor $3,000 in cash and convey to him fifteen acres of land in Sullivan county, Indiana, valued at $1,500, to which Taylor assented; that plaintiff agreed to accept said proposition, and, at the instance and request of both of the defendants, executed a deed, his wife joining therein, conveying said Kansas land to the defendant John C. Chaney, upon the performance of the agreement on the defendants' part, and deposited it with N. G. Buff to be delivered to defendants; that said Buff delivered the deed to the defendants, who immediately conveyed said land; that the mortgage was foreclosed and the land sold to an innocent purchaser; that the title to the Sullivan county land was in N. G. Buff, who conveyed the same to other parties; that Balue and Chaney refused to convey said land to Taylor or pay him the $3,000 in cash; that he has been put to a great expense by reason of the fraudulent acts of defendants, to wit, $5,000; that said sum of $3,-000 is long past due, and he is entitled to interest thereon from the date of said contract, and to the agreed value of said fifteen acres of land in Sullivan county, with interest on the same.

Such facts assert a cause of action for the value of the Kansas land as agreed upon between the parties at the

time the plaintiff went to the defendants and demanded a rescission of the contract. At that time a demand for rescission, or an effort on the plaintiff's part to rescind would have been unavailing, for the averment shows that they had conveyed the Illinois farm to other parties, and were not in a condition to perform or offer to perform when they were thus called upon by Taylor.

To secure a person's rights he is not required to do an impossible thing. The appellee Taylor was then possessed of either of two remedies, namely, to place Balue *in statu quo* and rescind the contract or sue for damages. To avoid litigation and end the controversy the appellant and appellee Chaney agreed to pay him $3,000 in cash, and execute to him a deed for fifteen acres of land estimated at $1,500, for which Taylor was to reconvey the Kansas land. This was a mutual stipulation between the parties.

Appellee Taylor peformed his part of the agreement by executing and delivering the deed to Buff for them. They received it from his custody, and conveyed the land to others, and are estopped to avoid it or say that no title passed because, as grantees, they obtained the possession of it before the condition has been performed. A party will not be allowed to repudiate a contract and retain the benefit derived thereunder against equity and good conscience, but must respond in damages for the breach of his agreement.

In 21 Am. and Eng. Encyc. of Law, page 79, it is said: "A party to a contract may waive his right to rescind, after it has accrued, by instituting an action to recover damages for the breach of the other."

Owing to the sale and transfer of the Illinois farm, prior to the commencement of this action, the court could not possibly remit the parties to their original rights in

respect to the subject-matter of the contract, and the only effectual redress is an action for damages.

We can not concur in the view of counsel that the verdict is excessive. It was for $5,523. The Illinois farm was worth $7,000; the appellee Taylor actually received in cash, $1,484, leaving a balance due him of $5,516, without computing any interest.

The exchange was made on the 9th day of January, 1886. The verdict was returned on April 9th, 1891, five years and three months thereafter. Under the mutual stipulations of the parties in adjustment of this transaction, Taylor was to have received $3,000 in cash and $1,500 in real estate, but the money was never paid and the land was never conveyed to him. Four thousand and five hundred dollars, at six per cent. for the time stated, would aggregate, with the principal, $5,917.50.

Counsel complain of the insufficiency of the verdict, urge that it is neither a general nor a special one, and that the court erred in receiving and accepting it, and in refusing to send the jury back with instructions to frame a different and proper one.

The verdict returned is as follows:

"Taylor v. Balue et al. We, the jury, find for the plaintiff, Robert H. Taylor, against defendant Marion Balue, on account of said Balue failing to comply with his contract from beginning to end, and assess his damage at five thousand, five hundred and twenty-three dollars, and we further find in favor of defendant John C. Chaney, and as to him against Robert H. Taylor.

"E. L. BERRY, Foreman."

This verdict is somewhat informal. The phrase "from beginning to end," is a little out of style in a verdict, but the court could, and did, understand its meaning. It is a general verdict, and hence did not need to find all the facts.

On the trial below the court, upon motion of appellant, Balue, submitted to the jury to be answered and returned with their general verdict the following interrogatory:

"Did the plaintiff, Robert H. Taylor, sell and convey to the defendant Balue, his, plaintiff's, farm, situate in Pawnee county, in the State of Kansas?"

We think the interrogatory was not material; was not within the averments of the complaint, or of any of the issues in the cause. The complaint alleges that this tract was deeded to said Chaney at the instance and request of both Balue and Chaney. The evidence is not in the record, and we must presume that the case was tried in the court below on the correct theory.

Appellees' counsel seem to have abandoned the cause in this court, and have furnished no brief to aid us in this investigation.

It is a matter of regret that such extra labor is imposed upon the court, but a careful inspection of the record discloses no error for which the judgment should be reversed.

The judgment is, in all things, affirmed.

