THE COLONIAL NATIONAL BANK v. J. H. BREDENKAMP, JR.

[No. 1071A202. Filed March 15, 1972. Rehearing denied April 18, 1972. Transfer denied September 15, 1972.]

■■■■■■■■

*Early, Arnold & Ziemer, of Evansville,* for appellant.

*Denton, Gerling, Grove & Moore,* of Evansville, for appellee.

ROBERTSON, P.J.—This is an appeal from the Vanderburgh Superior Court wherein a jury verdict for $36,000 was entered in favor of defendant-appellee on his counterclaim. In plaintiff's complaint, the existence of certain promissory notes was alleged as evidence of defendant's indebtedness to the plaintiff bank. The total debt on the notes amounted to $10,327. Defendant's answer was by way of general denial, which was thereafter followed by defendant's counterclaim alleging that plaintiff's agent had falsely represented to defendant that the plaintiff bank would loan him $20,000. Defendant's counterclaim further alleged that plaintiff had knowledge of the falsity of the representation and by reason of the same defendant's business had failed, and he had been damaged in the amount of $50,000. At the conclusion of plaintiff's evidence, plaintiff moved the trial court to enter judgment on the evidence. The motion was sustained and judgment was entered for plaintiff in the sum of $14,519.90. Subsequent to the giving of instructions on defendant's counterclaim, the jury returned its verdict in favor of defendant for $36,000 and the trial court entered its judgment in accordance

therewith. Thereafter, plaintiff timely filed its motion to correct errors which was denied.

On appeal plaintiff has waived certain errors assigned in its motion to correct errors,[1] and has chosen to raise only the following:

*"Error No. 1.*

1. That the verdict is not supported by sufficient evidence and is contrary to the evidence in each of the following particulars, to-wit:

(a) There is no evidence to show any misrepresentation of an existing material fact which is necessary to support defendant's counterclaim based on fraud, but on the contrary the evidence most favorable to the defendant merely shows that plaintiff through its agent expressed an intention or promise to make a loan in the future, which said representation is not a basis for a recovery on the theory of fraud. * * *"

*"Error No. 2.*

4. That the verdict of the jury was contrary to law in each of the following particulars, to-wit:

(a) Under Indiana Law a statement of promise to make a loan of money in the future is not a representation of an existing material fact and is insufficient to permit a recovery on the theory of fraud. * * *"

*"Error No. 3.*

4. That the verdict of the jury was contrary to law in each of the following particulars, to-wit:

(d) Under Indiana law, fraud cannot be predicated upon acts which the party has a right by law to do, nor upon the nonperformance of acts which by law he is not bound to do whatever may be his motive, design or purpose, whether in doing or not doing the acts complained of. * * *"

An examination of the facts and the inferences therefrom in a light most favorable to the defendant-appellee, reveals that in 1965 defendant, who was then employed as an insur-

---

1. At Oral Argument, appellant raised an argument concerning the effect of TR 15(B). The motion to correct errors does not allude to such a proposition, therefore, appellant's argument is not considered in this opinion.

ance agent, purchased a boat and motor sales agency and a small boat club on the Ohio river. The two businesses were owned jointly by defendant and his wife, and were operated as two separate corporations. In November, 1966, defendant made application with the plaintiff bank for a loan of $5,500. Upon application for this loan defendant discussed his business activities and his need of the loan with Earl Bloodworth, who at the time was a vice-president of the bank. Mr. Bloodworth gave defendant a blank promissory note to which defendant signed his name and that of his wife, and returned it to Mr. Bloodworth. Thereafter, $5,500 was deposited in defendant's account. A similar procedure was followed in January, 1967, when defendant borrowed $3,000 from the bank, and again in May, 1967, when he borrowed $1,500. With the proceeds of the January loan of $3,000, defendant purchased another barge for his boat club. During the month of May, 1967, defendant began construction of the boat club facilities on the new barge, and discussed with Mr. Bloodworth the possibility of an additional loan of $10,000 to finance the operation. Defendant's testimony as to that discussion was as follows:

"Q. What happened in about the middle of May, when you were up there talking to him?
"A. He gave me a blank note, as he had done on all occasions, and told me to take it and sign it and send it back to him and he would take care of the matter.
"Q. And how was he going to take care of the matter?
"A. Well, I assumed like he did every other note. That he would lend me the, lend the additional $10,000.00 and that would be deposited in my checking account, as he had done on every occasion."

Defendant further testified that in the course of this conversation Mr. Bloodworth stated that "everything was okay." Subsequent to this conversation, defendant wrote checks against the $10,000 he thought was deposited in his account. Upon learning that the checks had not cleared, defendant

contacted the bank and was informed that Mr. Bloodworth was no longer employed with the bank.

The events beyond this point are not in dispute, and can briefly be summarized by stating that defendant was unable to finance the completion of the boat club or the payment of expenses incurred in the construction of that part of the boat club already completed, and ultimately had to ask that a receiver be appointed to sell the corporation for the benefit of creditors.

The courts of this state have consistently followed the principle of law that in order to maintain actionable fraud there must exist the following essential elements: representation of a material fact, falsity, scienter, deception, and injury. *Hutchens* v. *Hutchens* (1950), 120 Ind. App. 192, 91 N. E. 2d 182; *Holder* v. *Smith* (1952), 122 Ind. App. 371, 105 N. E. 2d 177; *Kidd* v. *Kidd* (1968), 143 Ind. App. 648, 242 N. E. 385. It also has been recognized that fraud is actionable only where the false representation relates to past or existing facts. *Balue* v. *Taylor et al.* (1893), 136 Ind. 368, 36 N. E. 269; *Firebaugh* v. *Trough* (1914); 57 Ind. App. 421, 107 N. E. 301; *Middlekamp* v. *Hanewich* (1970), 147 Ind. App. 561, 263 N. E. 2d 189.

It is plaintiff's contention that the jury's verdict on defendant's counterclaim for fraud is not supported by sufficient evidence because there was no showing that the plaintiff bank or its agent made a false representation as to an existing material fact. In support of this argument, plaintiff maintains that its agent, Mr. Bloodworth, expressed an intention or promise to make a loan in the future which was not an existing fact and, thus, does not constitute actionable fraud. Defendant, on the other hand, contends that the misrepresentation was as to a material existing fact because Mr. Bloodworth indicated by his statements and conduct that the loan had been made.

In determining whether or not the verdict is supported by

sufficient evidence, we must apply the rule that this court is not at liberty to weigh the evidence, but reviews the record to see if there is any evidence or reasonable inferences that may be drawn therefrom which, if believed by the jury, would sustain the verdict. *Gamble et al. v. Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *Midwest Oil Company, Inc. v. Storey* (1961), 134 Ind. App. 137, 178 N. E. 2d 468; *Deming Hotel Company v. Prox.* (1968), 142 Ind. App. 603, 236 N. E. 2d 613. In the instant case we cannot state, as a matter of law, that there is not any evidence or inferences therefrom in support of a finding that the bank's agent, Mr. Bloodworth, by his conduct and statements, falsely represented an existing material fact. The record, based on defendant's uncontradicted testimony, indicates that Mr. Bloodworth's conduct in handling the loan was substantially the same when defendant requested. the additional $10,000 loan as it had been on previous occasions when defendant secured loans from the bank through Mr. Bloodworth. Furthermore, defendant's testimony revealed that Mr. Bloodworth made certain statements which could reasonably have been interpreted, in light of their past dealings, as assurances that the loan had been secured. This evidence warranted an inference that Mr. Bloodworth had represented to defendant that the loan was made. The jury obviously accepted this testimony and the inference therefrom, and in so doing we cannot state that the evidence in support of its verdict is insufficient.

It is further contended in the bank's motion to correct errors, that the verdict is contrary to law for the reasons that under Indiana law a promise to make a loan in the future is not a representation of an existing material fact and that fraud cannot be predicated upon acts which a party has a right by law to do, nor upon the non-performance of acts which by law he is not bound to do. Plaintiff's sole authority for the foregoing propositions of law is *Sachs v. Blewett* (1933), 206 Ind. 151, 185 N. E. 856, 188 N. E. 674. Indeed, *Sachs* remains good law today in support of

those propositions. However, we find it and the pronouncements of law therein inapplicable to the present case. In *Sachs* there was no finding, nor was it even contended, that there had been a misrepresentation to an existing material fact, rather the whole theory of the case was that a misrepresentation to perform a contract in the future is a misrepresentation of a fact upon which an action for fraud may be predicated. In response to that theory, it was held that a fraudulent intent alone is not actionable. In the present case, unlike *Sachs,* defendant in support of his counterclaim did not rely on a fraudulent intent alone but further proved by sufficient evidence, as heretofore set out, a misrepresentation as to an existing material fact. On the basis of that proof the jury found for defendant on his counterclaim, and in so doing we cannot say that its verdict is contrary to law.

Finding no reversible error, the judgment is affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 279 N. E. 2d 845.