The appellant, Lina Hudson, is appealing from a lower court judgment dismissing her counterclaim against the appellee, Jon Chancey. We affirm.
Mr. Chancey filed a small claims action against Mrs. Hudson for $193.45 on November 15, 1977. Mrs. Hudson filed an answer; however, on January 6, 1978 a default judgment was rendered against her.
On January 20, 1978 Mrs. Hudson appealed to the Dale Circuit Court demanding a jury trial. On February 22, 1978 Mrs. Hudson filed a counterclaim against Mr. Chancey for malicious prosecution.
On November 26, 1979 Mr. Chancey's motion to dismiss the counterclaim was granted. In the same judgment the court allowed Chancey to take a non-suit on his complaint with Mrs. Hudson's permission.
On December 24, 1979 Mrs. Hudson moved for a new trial on the basis that the counterclaim could not be dismissed unless Mrs. Hudson could not recover under any discernible circumstances. This motion was denied and an appeal was timely filed with this court on January 7, 1980.
The appellant raises two issues here. The first issue is whether the trial court erred in granting the dismissal of the counterclaim as appellant claims she could have recovered under the circumstances.
The second issue is whether the dismissal of the counterclaim denied appellant due process and equal protection of the law.
As to the first issue, appellant contends ARCP 18 (a) and (b) support her position in this case.
Mrs. Hudson correctly notes that ARCP 18 (a) and (b) allow a party to join as many claims, whether equitable or legal, or both, as she has against the opposing party. However, the trial court is correct in asserting Rule 18 does not apply to this particular case. Instead, ARCP 13 (e) is more applicable.
This rule reads:
 A claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading.
The trial judge, in dismissing the counterclaim, stated:
 The Court is of the opinion that Rule 18 would not allow the opposing party to file a counterclaim against the plaintiff if the claim has not matured or is not cognizable before the plaintiff's suit is prosecuted to a final conclusion.
 The Court is further of the opinion that it would have a chilling effect on the use of the Small Claims Court for the plaintiff who prevails in the Small Claims Court to be called upon to defend against a counterclaim for malicious prosecution on appeal to the Circuit Court before the original claim is brought to a conclusion adversly [sic] to the plaintiff.
In Kroger Co. v. Puckett, Ala.Civ.App., 351 So.2d 582 (1977), we noted the elements for malicious prosecution. These are: (1) institution or continuation of an original judicial proceeding, either civil or criminal; (2) by or at the instance of the defendant; (3) termination of such proceeding in theplaintiff's favor; (4) malice in instituting the proceeding; (5) want of probable cause for the proceeding; and (6) injury or damage as the result of the prosecution's complaint. *Page 63 
In the present case the proceeding had not terminated in appellant's favor at the time she filed her claim asserting that Chancey had maliciously prosecuted his claim against her, and therefore the trial court did not err in dismissing her counterclaim for lack of maturity of the malicious prosecution action.
Finally, appellant says that the dismissal of her counterclaim denied her due process and equal protection of the law. However, these grounds for reversal were not presented in appellant's motion for new trial or motion for reconsideration as same was treated by the trial court, and therefore are not reviewable here. Hughes v. Hughes, Ala.Civ.App., 362 So.2d 910,writ quashed, Ala., 362 So.2d 918 (1978). Notwithstanding the required disposition of appellant's constitutional argument, such argument has no merit in fact.
The facts show that Chancey's motion was presented in open court with both parties being represented by counsel. After the hearing the trial court ruled against the appellant. She then moved for a new trial on the ground that the dismissal was erroneous because there were circumstances which would permit her to prove her counterclaim. The trial court set the motion for hearing. After a hearing thereon, the court denied her motion for reconsideration and gave reasons for his decision. She appealed to this court.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.