William M. MAYNARD,
Appellant–Plaintiff,

v.

84 LUMBER COMPANY,
Appellee–Defendant.

No. 80A05–9503–CV–99.

Court of Appeals of Indiana.

Nov. 3, 1995.

James G. Lauck, Marcia E. Roan, Kroger, Gardis & Regas, Indianapolis, for Appellant.

Richard S. Ewing, John D. Waller, Stewart & Irwin, Indianapolis, for Appellee.

### OPINION

BARTEAU, Judge.

William M. Maynard appeals from an entry of summary judgment in favor of 84 Lumber Company on Maynard's complaint for malicious prosecution and fraud. We affirm.

### FACTS

The precursor to this litigation was a Complaint on Account filed by 84 Lumber against Maynard. 84 Lumber had extended a line of credit to the Maynard Corporation, which filed bankruptcy. 84 Lumber sought to collect the debt from Maynard, contending he had agreed to be personally liable for the debt. At the center of the litigation was a credit application, purportedly signed by Maynard and providing that Maynard would personally guarantee the account. Maynard denied signing the credit application. He contended that he refused to agree to be personally responsible, amended the application by crossing out various provisions, and did not sign the application. 84 Lumber presented a signed credit application, with no

alterations. Each party presented expert testimony concerning the signature; 84 Lumber's expert contended it was Maynard's signature, Maynard's expert contended it was not. The 84 Lumber employee who negotiated the line of credit with Maynard did not testify. The trial court found that 84 Lumber had failed to meet its burden of proof and ruled in favor of Maynard.

Maynard then commenced the present litigation against 84 Lumber, alleging malicious prosecution and fraud. The trial court granted summary judgment in favor of 84 Lumber.

### ISSUES

Three issues are raised, restated as:

1. Was there a material issue of fact as to whether 84 Lumber had probable cause to continue its action against Maynard;

2. Was there a material issue of fact as to whether 84 Lumber acted maliciously in continuing its action against Maynard; and

3. Was there a material issue of fact as to whether 84 Lumber engaged in fraudulent conduct.

### STANDARD OF REVIEW

■ In summary judgment proceedings, the party moving for summary judgment must show that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Once the movant establishes that no genuine issue of fact exists, the party opposing summary judgment must set forth specific facts indicating that there is a genuine issue in dispute. If the nonmoving party fails to meet this burden, summary judgment in favor of the moving party is appropriate. *Pierce v. Bank One–Franklin, NA* (1993), Ind.App., 618 N.E.2d 16, 18, *trans. denied*. Further, the party moving for summary judgment must designate to the trial court all parts of the matters included in the record that it relies on for the motion. The opposing party likewise must designate to the trial court "each material issue of fact which that party

asserts precludes entry of summary judgment and the evidence relevant thereto." Ind.Trial Rule 56(C). Any doubt as to the existence of a factual issue should be resolved against the moving party, construing all properly asserted facts and reasonable inferences in favor of the nonmovant. *Cowe v. Forum Group, Inc.* (1991), Ind., 575 N.E.2d 630, 633. We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

### PROBABLE CAUSE TO CONTINUE THE ACTION

■ To succeed on a claim of malicious prosecution, a plaintiff must prove (1) that the defendant instituted, or caused to be instituted, an action against the plaintiff; (2) that the defendant acted maliciously in doing so; (3) that the defendant had no probable cause to institute the action; and (4) that the original action was terminated in plaintiff's favor. *Chapman v. Grimm & Grimm, P.C.* (1994), Ind.App., 638 N.E.2d 462, 464.

Maynard contends that 84 Lumber lacked probable cause to continue the action once it learned that Maynard denied signing the credit application, and that wrongfully continuing a prosecution once lack of probable cause is established will support a claim for malicious prosecution. Maynard notes that the Restatement (Second) of Torts and several courts have recognized that liability may arise through the wrongful continuation of a civil proceeding.[1] 84 Lumber contends that Indiana does not recognize an action based on the wrongful continuation of a case. *See Chapman v. Grimm & Grimm, P.C.*, 638 N.E.2d 462; *see also Wong v. Tabor* (1981), Ind.App., 422 N.E.2d 1279. We need not address whether such a cause of action is recognized in this state because even assuming *arguendo* that it is, summary judgment on the claim was appropriate.

■ When the facts are uncontroverted, the existence or nonexistence of probable cause is a question of law to be decided by

---

1. Restatement (Second) of Torts, § 674; *Bryant v. Whalen*, 759 F.Supp. 410, 419 (N.D.Ill.1991); *Sherrod v. Piedmont Aviation, Inc.*, 516 F.Supp. 39, 42 (E.D.Tenn.1978); *Hudson v. Chancey* (1980), Ala., 385 So.2d 61, 62; *Benjamin v. Hooper Electronic Supply Co.* (1990), Miss., 568 So.2d 1182, 1189 n. 6; *Huntley v. Harberts* (1978), S.D., 264 N.W.2d 497, 500.

the court. *Willsey v. Peoples Federal Sav. & Loan* (1988), Ind.App., 529 N.E.2d 1199, 1207, *trans. denied.* Maynard contends that the facts are not uncontroverted. However, rather than contesting the facts presented by 84 Lumber concerning their initiation and continuation of the case, Maynard instead disputes the reasonableness of 84 Lumber's reliance upon the signed credit application and handwriting analysis in light of his denial that he signed the application. The dispute as to the reasonableness of 84 Lumber's actions does not create a question of fact precluding entry of summary judgment. Instead, it is the heart of the probable cause determination, and that determination was for the court to decide as a matter of law. *Id.*

"Probable cause exists 'when a reasonably intelligent and prudent person would be induced to act as did the person who is charged with the burden of having probable cause.' " *Willsey,* 529 N.E.2d at 1206 (quoting *Satz v. Koplow* (1979), Ind.App., 397 N.E.2d 1082, 1084). The undisputed facts here clearly support the trial court's determination that 84 Lumber acted as a reasonably intelligent and prudent person would have in the same situation. 84 Lumber had a signed credit application containing a personal guarantee from Maynard for the corporation's obligations. It had been successful in the past in enforcing the personal guarantee provision of the credit application. Upon learning that Maynard disputed the signature on the credit application, 84 Lumber consulted a handwriting analyst, who concluded the signature was indeed Maynard's. Maynard did not reveal his own handwriting analyst's opinion until approximately one week before trial. These undisputed facts do not produce any indication that 84 Lumber's continuation of the lawsuit was unreasonable or without probable cause. The fact that a party contests a debt, and ultimately prevails, does not strip the action of its validity prior to that time.

### MALICE

Because we have determined that Maynard failed to establish lack of probable cause on the part of 84 Lumber, one of the elements necessary to succeed on a malicious prosecution claim, we need not address whether a material issue of fact remains concerning the existence of malice.

### FRAUD

In Count II of his Complaint, Maynard alleged that 84 Lumber engaged in fraudulent conduct, including misrepresentation, fraudulent concealment and forgery. He argues that the evidence supports a claim for both actual and constructive fraud.

■■ Maynard's actual fraud allegation is premised upon two statements by 84 Lumber's agent, Michael Butler. The first is Butler's representation that the credit application would be submitted for approval notwithstanding Maynard's refusal to sign the application. The second is Butler's representation that customers were permitted to vary the boilerplate terms of the credit application.

The essential elements of actual fraud are a material representation of past or existing facts, which representation is false, made with knowledge or reckless ignorance of its falsity, which causes reliance to the detriment of the person relying upon it. *Baker v. American States Ins. Co.* (1981), Ind.App., 428 N.E.2d 1342. Fraud cannot be predicated upon acts which by law a party has a right by law to do, nor upon the nonperformance of acts which by law he is not bound to do. *Colonial National Bank v. Bredenkamp* (1972), 151 Ind.App. 366, 279 N.E.2d 845.

*First National Bank of New Castle v. Acra* (1984), Ind.App., 462 N.E.2d 1345, 1348.

■■ Butler's representation that he would submit the credit application for approval was one regarding future conduct and therefore not a representation of a past or existing fact and insufficient to support a claim of fraud. "[A]ctual fraud may not be based on representations regarding future conduct, or on broken promises, unfulfilled predictions, or statements of existing intent which are not executed." *Comfax v. North American Van Lines* (1992), Ind.App., 587 N.E.2d 118, 125.

Maynard contends that Butler's statement did not concern a future act, citing *First*

*National,* 462 N.E.2d 1345. In *First National,* the bank and customer had a long term relationship and past practices included six month extensions on payments, without action by the bank. When customer became delinquent, the bank assured him that his account was fine and that the bank would work with customer for another six months. The bank then froze customer's account. This court determined that the bank's statements were susceptible to an interpretation that Bank would continue its existing relationship on the same terms and thus was not a future promise. We see no correlation between the bank's statements in *First National* and Butler's statement here. His statement that he would submit the unsigned and altered credit application was clearly a promise to commit a future act and therefore will not support Maynard's allegation of fraud.

 Butler's statement that 84 Lumber would permit customers to vary the boilerplate terms of the credit application will also not support an action for fraud because there is no evidence the representation was false. Maynard alleged the falsity of the statement but presented no evidence on the issue. 84 Lumber presented evidence that customers were permitted to negotiate the terms. 84 Lumber's evidence shifted the burden back to Maynard to produce some contrary evidence. *Pierce v. Bank One–Franklin, NA,* 618 N.E.2d at 18. He did not and therefore the trial court correctly granted summary judgment in favor of 84 Lumber on this issue.

■ Maynard's final assertion in relation to his fraud claim is that because he did not sign the credit application, it must have been forged by an agent or employee of 84 Lumber, and that the forgery amounts to constructive fraud. The elements of constructive fraud are (1) a duty existing by virtue of the relationship between the parties, (2) representations or omissions made in violation of that duty, (3) reliance thereon by the complaining party, (4) injury to the complaining party as a proximate result thereof, and (5) the gaining of an advantage by the party to be charged at the expense of the complaining party. *Biberstine v. New York Blower Co.*

(1993), Ind.App., 625 N.E.2d 1308, 1315–1316, *reh'g denied, joint dismissal of transfer granted.*

■ Contrary to Maynard's contention, several elements of a constructive fraud claim are absent, most notably the element of reliance. Maynard did not know the forged document existed until after the complaint was filed. He could not therefore have relied on the forged document to his detriment.

The grant of summary judgment is AFFIRMED in all respects.

RUCKER and BAKER, JJ., concur.